IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHARLES E. WALTON, JR.**                                                            **PLAINTIFF**

VS.                                                      CAUSE NO. 1:22cv96-SA-RP

**TRONOX LLC**                                                                               **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for race discrimination. The following facts support the action:

1.

Plaintiff CHARLES E. WALTON is an adult resident citizen of Columbus, Mississippi.

2.

Defendant TRONOX LLC is a Delaware limited liability company doing business in the state of Mississippi. Defendant may be served with process upon its registered agent, C T Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, to redress a claim for damages under 42 U.S.C. § 1981, and under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000, *et seq*.

4.

Plaintiff was employed by Defendant as a senior asset improvement engineer beginning in 2016. During Plaintiff's employment, he was repeatedly passed over for promotions in favor of lesser qualified white persons. Plaintiff estimates that during the years 2020 and 2021, on approximately five (5) or six (6) occasions, Plaintiff was passed over for promotions in favor of lesser qualified white engineers, some of whom did not even meet minimum qualifications.

5.

In January 2022, Plaintiff refused to sign a frivolous evaluation form because he was being evaluated only as "meets expectations." Plaintiff is not a "meets expectations" performer. Plaintiff is a good engineer and should have been rated higher than "meets expectations."

6.

In November 2021, Plaintiff told his supervisor, Byron Crowe, that he was being discriminated against. Notwithstanding Plaintiff's complaints about being discriminated against, the discrimination continued. Plaintiff estimates that in the six (6) month period prior to his filing an EEOC charge in November 2021, there were at least three (3) promotions which Plaintiff did not receive. Additionally, on a date Plaintiff does not precisely recall, he was informed that he had been selected for a promotion to the position of business improvement coordinator. This promotion, however, was also given to a white engineer.

7.

Plaintiff's supervisor, Byron Crowe, fearing that Plaintiff was going to make an issue of his repeatedly not being promoted to positions that were earned, gave Plaintiff a thirty (30) day unjustified written reprimand on October 1, 2021. Crow gave Plaintiff this fabricated writeup

because he was fearful of Plaintiff receiving a promotion and also because he resented Plaintiff's having complained about being discriminated against. The writeup makes several specific complaints, but all amount to a claim that Plaintiff's work was not timely. In fact, Plaintiff's work was timely, and Plaintiff's performance equaled or surpassed that of white engineers. The written writeup of October 1, 2021, is attached hereto as Exhibit "A." Plaintiff's supervisor noted, "Charles feels that the plant has been discriminatory in promotion and previous evaluations."

8.

Upon receiving the writeup on October 1, 2021, Plaintiff shortly thereafter filed an EEOC charge on November 2, 2021.

9.

On January 20, 2022, Plaintiff participated in a mediation with Defendant regarding the EEOC charge. The mediation was not successful. The next day after the mediation, on January 21, 2022, Defendant informed Plaintiff he was terminated.

10.

Plaintiff was terminated because of his race, because he opposed race discrimination, and because he had filed an EEOC charge.

11.

Plaintiff has filed an first EEOC charge, attached hereto as Exhibit "B," and filed an amended EEOC charge, attached hereto as Exhibit "C." Plaintiff has received his right to sue letter, attached hereto as Exhibit "D."

12.

Defendant is liable to Plaintiff under 42 U.S.C. § 1981 for discrimination with respect to promotions, for retaliation, and for discriminating against Plaintiff because he opposed race discrimination. Defendant is liable for both failure to promote and for termination. These adverse employment actions are the results of race discrimination, retaliation, and opposition to discriminatory practices. Defendant is also liable under Title VII of the Civil Rights Act of 1964.

13.

Plaintiff has suffered mental anxiety and stress as a result of Defendant's actions.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 13th day of July, 2022.

CHARLES E. WALTON, JR., Plaintiff

By:    /s/ Jim Waide
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named CHARLES E. WALTON, JR., who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
CHARLES E. WALTON, JR.

GIVEN under my hand and official seal of office on this the 2nd day of May, 2022.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: July 1, 2022