IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLES E. WALTON, JR.                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:22-CV-96-SA-RP

TRONOX LLC                                                                                DEFENDANT

ORDER

Tronox LLC has filed a Motion in *Limine* [68]. Plaintiff Charles E. Walton, Jr. has responded. *See* [70]. The Court is prepared to rule.

*Motion in Limine Standard*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)) (additional citations omitted). Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. *Harkness*, 2015 WL 631512 at *1. Accordingly, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted).

Importantly, "the purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *King*, 2017 WL 532284 at *7 (quoting *Maggette v. BL Development Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 27, 2011)) (emphasis in original). This Court has also held that a motion that "[s]ets forth a lengthy

laundry list of matters, most of them of a highly vague nature … constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions *in limine*." *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) (additional citation omitted).

*Analysis and Discussion*

In its Motion [68], Tronox seeks to exclude the following: (1) evidence concerning Walton's demand for attorneys' fees and costs; (2) evidence related to the equitable remedies of back pay, front pay, and reinstatement; (3) evidence referencing the size, wealth, and financial resources of Tronox (i.e., David v. Goliath arguments); (4) arguments suggesting the jury place themselves in Walton's position (i.e., Golden Rule arguments); and (5) improper religious references or displays of emotions.

Tronox's first, fourth, and fifth requests concern well-settled principles of law and fail to identify *specific* issues that may arise at trial. The Court sees no need to address each of them individually, as they fall below the threshold for an appropriate motion *in limine* and instead constitute an improper "shotgun" motion. Therefore, Tronox's requests to exclude these broad categories of evidence are denied.

Tronox's second request contends that the Court—not the jury—should consider evidence regarding back pay, front pay, and reinstatement because they are equitable remedies. Walton responds that caselaw on this issue is unclear but "it has been customary in this District for the jury to decide back pay, with the Court then, on post-trial motion, to decide the issues of front pay and/or reinstatement." [71] at p. 4. Back pay and front pay are equitable remedies that may be determined by the Court or submitted to the jury for advisory determinations. *See Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 430 (5th Cir. 2022) ("Although [plaintiff's] claims were

presented to a jury, the jury's determinations regarding back pay and front pay are, in this context, only advisory. That is, back pay and front pay are equitable remedies determined by the court."); *Black v. Pan Am. Lab'ys, L.L.C.*, 646 F.3d 254, 263 (5th Cir. 2011) ("Because back pay is an equitable remedy, the district court need not empanel an advisory jury but can decide the back pay issue absent the parties' agreement to correct the amount."); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 n. 19 (5th Cir. 1998) (in Section 1981 and Title VII cases, "[back pay and front pay] are equitable remedies to which no right to a jury trial attaches. . . Nevertheless, a district court may empanel an advisory jury on such issues[.]"). Walton is correct that it is this Court's custom to submit the issue of back pay to the jury and, if necessary, consider front pay and reinstatement at a separate evidentiary hearing. *See, e.g., Bogan v. MTD Consumer Grp., Inc.*, 2020 WL 957414, at *1 (N.D. Miss. Feb. 27, 2020). The Court sees no reason to depart from that practice here. Tronox's second request is denied.

Tronox's third request seeks to exclude evidence referencing the size, wealth, and financial resources of Tronox (i.e., David v. Goliath arguments). Walton "concedes that the size, wealth, and financial resources of Defendant are not relevant except on the punitive damages issue." [71] at p. 5. Tronox's broad request to exclude David v. Goliath-type evidence concerns well-settled principles of law and fails to identify specific issues that may arise at trial. It is therefore denied on that basis. The Court will address Walton's contention that financial evidence is relevant to a punitive damages determination when it addresses Tronox's Second Motion *in Limine* [86], which concerns punitive damages.

*Conclusion*

For the reasons set forth above, Tronox's Motion *in Limine* [68] is DENIED.

SO ORDERED, this the 3rd day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

4