IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLES E. WALTON, JR.                                          PLAINTIFF

v.                                         CIVIL ACTION NO. 1:22-CV-96-SA-RP

TRONOX LLC                                                      DEFENDANT

ORDER

This matter is scheduled for jury trial on June 23, 2025 on Charles E. Walton, Jr.'s retaliation claim brought under Title VII and Section 1981.

Tronox LLC has filed a Second Omnibus Motion *in Limine* and Motion to Bifurcate Trial [86]. Walton has responded. *See* [92]. The Court is prepared to rule.

I.      *Motions in Limine*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)) (additional citations omitted). Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. *Harkness*, 2015 WL 631512 at *1. Accordingly, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted).

Importantly, "the purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *King*, 2017 WL 532284

at *7 (quoting *Maggette v. BL Development Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 27, 2011)) (emphasis in original).

In its Motion [86], Tronox seeks to exclude any references to the following: (1) promotions Walton was allegedly denied due to racial discrimination; (2) Walton's allegation that he told Byron Crowe at his 2019 performance evaluation that the evaluation was discriminatory; (3) Walton's allegation that Crowe issued the written reprimand to Walton in retaliation for past complaints of discrimination; (4) Walton's allegation that Crowe called Walton "Terry" as a racial slur; (5) punitive damages during the liability phase of trial; and (6) the separation agreement Tronox offered Walton in conjunction with Walton's termination.

### A. Lack of Past Promotions

First, Tronox argues that Walton should not be allowed to insinuate at trial that he failed to receive promotions due to his race because the Court granted summary judgment as to his failure-to-promote claims. Tronox further argues that this evidence would be irrelevant, unfairly prejudicial, confusing, and misleading. Walton responds that he should be allowed to present evidence regarding the promotions because his retaliation claim requires him to prove that he had a reasonable belief that he was being discriminated against when he filed his EEOC Charge.

The Court appreciates that summary judgment was granted as to the failure-to-promote claims and the Court will not allow the parties to relitigate those claims at trial. However, at this stage, the Court does not have sufficient context to properly analyze this issue. The Court will defer ruling until trial so that the evidence can be considered in context. The parties shall raise the issue with the Court prior to making any references to the lack of past promotions in front of the jury.

### B. Earlier Complaint of Discrimination and Allegedly Retaliatory Written Reprimand

At his deposition, Walton testified that he told Crowe during a January 2020 meeting regarding his 2019 performance evaluation that he was being discriminated against. [53], Ex. 1 at p. 66. Walton further testified that he was unsure if Crowe heard his statement. *Id.* at p. 86. Tronox argues that Walton should not be allowed to present evidence on this alleged complaint because "[a]n alleged stray comment, uttered two years earlier" is not relevant to Walton's claim that he was fired in retaliation for filing an EEOC Charge in November 2021. [87] at p. 5.

Similarly, Tronox argues that Walton should not be permitted to offer evidence that Crowe issued him a written reprimand in October 2021 because he resented Walton's previous complaints of discrimination. Tronox argues that the only complaint Walton allegedly made before receiving the reprimand was the alleged complaint made in January 2020. As explained above, Tronox argues that there is no evidence that Crowe heard the alleged complaint. As such, per Tronox, any argument that the reprimand was retaliatory should be excluded. Tronox further asserts that the Court's Order [79] on the Motion for Summary only permits Walton to proceed to trial on his retaliation claim based on his EEOC Charge.

Walton responds that the question of whether Walton complained of discrimination in January 2020 is a question for the jury. Walton further argues that he should be able to present evidence that Crowe issued the written reprimand in retaliation for past complaints of discrimination because it is relevant to pretext:

> Contrary to Defendant's argument, this Court's opinion does not dismiss Plaintiff's opposition clause based on matters other than the EEOC Charge. The opinion contains a detailed discussion of "pretext" which is just as relevant to Plaintiff's claim that Defendant discriminated against him for verbally opposing race discrimination as it is to Plaintiff's claim that Defendant discriminated against him because he filed an EEOC charge. Having already examined the pretext issue in detail in its earlier opinion, there is no occasion for

3

the Court to arbitrarily exclude evidence on the ground that it is not
part of the EEOC charge.

[93] at p. 3.

To be clear, the Court's summary judgment Order [79] at no point considered whether Walton verbally complained of discrimination in January 2020 or whether that alleged complaint motivated Crowe to issue the written reprimand. The Court's analysis was predicated upon evidence of a verbal complaint on October 1, 2021 and the EEOC Charge filed on November 2, 2021. *See* [79] at p. 14.

Nevertheless, the Court will not exclude the evidence without sufficient context to properly analyze this issue. The Court will defer ruling until to trial so that the evidence can be considered in context. The parties shall raise the issue with the Court prior to making any references to the January 2020 complaint or Crowe's motivations for the reprimand.

### C. Alleged Use of Racial Slur

Tronox contends that Walton should not be permitted to present evidence that Crowe's references to Walton as "Terry" were racially discriminatory. Tronox contends that Crowe testified "that 'Terry' referred to an individual featured in a viral online video, and Crowe used the term as a 'joking reference' when Walton was 'not being. . . assertive in his answer[s]' to questions Crowe asked him." [87] at p. 7 (quoting [53], Ex. 7 at p. 36). Tronox argues that there is no evidence that the term was used in a racial context. Walton responds that this is a question for the jury. The Court agrees. This motion *in limine* is DENIED.

### D. Punitive Damages and Separation Agreement

Walton does not oppose Tronox's motion to exclude evidence regarding punitive damages during the liability phase of trial. Walton does not oppose Tronox's motion to exclude evidence

4

regarding the separation agreement Tronox offered him in conjunction with his termination. These two categories of evidence will be EXCLUDED.

II.      *Request to Bifurcate Trial*

Tronox additionally asks the Court to bifurcate the compensatory and punitive damages phases of trial. Walton does not oppose this request. Federal Rule of Civil Procedure 42(b) permits the Court to order a separate trial of one or more separate issues. *See* Fed. R. Civ. P. 42(b). A separate trial on the issue of punitive damages is also customary in this district. The Court grants Tronox's request to bifurcate the trial.

Additionally, in its First Motion *in Limine* [68], Tronox sought to exclude evidence regarding its size, wealth, and financial resources, i.e. David v. Goliath-type evidence. Walton conceded that this type of evidence would be irrelevant *except* with respect to the issue of punitive damages. The Court denied the motion *in limine* as overly broad but indicated that it would address Walton's argument when it addressed Tronox's Second Motion *in Limine* [86] concerning punitive damages. Like the evidence above, the Court will not exclude the evidence without sufficient context to properly analyze this issue. However, the parties shall raise the issue with the Court during the punitive damages phase of the trial, if any, before making any references in front of the jury.

5

*Conclusion*

For the reasons set forth above, Tronox's Second Omnibus Motion *in Limine* and Motion to Bifurcate Trial [86] is GRANTED in part and DENIED in part. The Court defers ruling on motions *in limine* one through three. The fourth motion *in limine* is DENIED. The fifth and sixth motions *in limine* are GRANTED and that evidence will be excluded. The Motion to Bifurcate Trial is GRANTED.

SO ORDERED, this the 13th day of March, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE