IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLES E. WALTON, JR.                                                                                                  PLAINTIFF

v.                                                                                                  CIVIL ACTION NO. 1:22-CV-96-SA-RP

TRONOX LLC                                                                                                  DEFENDANT

ORDER

On June 16, 2025, the Court held an evidentiary hearing in this case, during which it addressed numerous issues that the parties anticipate will arise at trial. The Court provided oral rulings on many of those issues and will not recite those holdings again now. But the parties have multiple unresolved objections as to the video trial deposition of James Killebrew, which was taken on March 10, 2025 and which will be played for the jury at trial. The parties' respective objections are outlined in separate letters. The Court will walk through those objections and provide a ruling on each of them so that the parties can undertake to edit the video deposition prior to trial. The Court will thereafter address an additional issue addressed during the evidentiary hearing.

I.     *Tronox's Objections to Killebrew's Video Deposition*

Tronox's letter to the Court stating its objections to portions of Killebrew's deposition is attached to its most recently filed Response. *See* [112], Ex. 1. The Court rules as follows:

     A.     *Page 10 (line 23) through Page 11 (line 10)*

The objection is SUSTAINED. The portion of the video deposition containing these lines shall be removed.

     B.     *Page 11 (line 11) through Page 12 (line 4)*

The objection is SUSTAINED. The portion of the video deposition containing these lines shall be removed.

C. *Page 16 (lines 2-20)*

The objection is SUSTAINED. The portion of the video deposition containing these lines shall be removed.

D. *Page 25 (line 23) through Page 26 (line 6)*

Walton's objection stated in this section is SUSTAINED. The portion of the video deposition containing these lines shall be removed.

E. *Page 26 (lines 18-21)*

Tronox concedes that Walton's objection in this section is valid. The portion of the video deposition containing these lines shall be removed.

F. *Page 32 (line 14) through Page 39 (line 19)*

For the reasons stated during the evidentiary hearing in this matter, Walton's continuing objection to this line of questioning is OVERRULED. The portion of the video deposition containing these lines shall not be removed.[1]

G. *Pages 42, 44*

On these pages of the deposition, Tronox objects to the admissibility of deposition exhibit 6, which was a previously executed declaration of Killebrew, and deposition exhibit 7, which was Killebrew's discovery deposition. In its letter to the Court, Tronox withdrew its objections. At the evidentiary hearing, Walton's counsel advised the Court that he does not intend to seek

---

[1] In overruling this objection in full, the Court recognizes that it is deviating slightly from its oral pronouncement during the evidentiary hearing held on June 16, 2025—particularly, its conclusion as to the line of questioning concerning Jayson McConnell. However, the Court finds it appropriate to permit the line of questioning since it will allow other questions later in the deposition referencing McConnell to make more sense to the jury and not appear as if the Court (or either party) is intentionally hiding any information from them. In reaching this conclusion, the Court notes that Walton's counsel voiced no objection to the questioning concerning McConnell being presented to the jury if questions pertaining to other comparators (such as Duke and Mason) was to be permitted.

introduction of the discovery deposition transcript. Therefore, that transcript will not be admitted. The declaration will be admitted absent any other agreement by the parties.

  H.  Page 44 (lines 12-18)

Tronox posed an objection to the question. Walton's counsel then rephrased the question. Killebrew never answered the question as originally posed. The objection is SUSTAINED. The portion of the video deposition containing these lines shall be removed.

  I.  Page 53 (lines 7-10)

Tronox withdraws its objection. The portion of the video deposition containing these lines shall not be removed.

  J.  Page 55 (lines 11-15)

Tronox withdraws its objection. The portion of the video deposition containing these lines shall not be removed.

  K.  Page 56 (line 15) through Page 61 (line 12)

Tronox's objections within this section are OVERRULED. The portion of the video deposition containing these lines shall not be removed (subject to the exclusion set forth below in Section II.D.).

  L.  Page 69 (line 8) through Page 70 (line 5)

Tronox's objection contained in this section is SUSTAINED. The portion of the video deposition containing these lines shall be removed.

  M.  Page 98 (lines 12-15)

Tronox withdraws the question posed in this section based on a valid objection asserted by Walton's counsel. The portion of the video deposition containing these lines shall be removed.

N.     *Page 100 (lines 4-15)*

Walton's objection raised in this section is OVERRULED. The portion of the video deposition containing these lines shall not be removed.

O.     *Page 101 (line 19) through Page 102 (line 7)*

Walton's objection raised in this section is OVERRULED. The portion of the video deposition containing these lines shall not be removed.

P.     *Page 102 (lines 10-16)*

Tronox withdraws the question posed in this section based on a valid objection asserted by Walton's counsel. The portion of the video deposition containing these lines shall be removed.

Q.     *Page 103 (lines 1-10)*

Tronox withdraws the question posed in this section based on a valid objection asserted by Walton's counsel. The portion of the video deposition containing these lines shall be removed.

II.     *Walton's Objections to Killebrew's Video Deposition*

Walton's objections were provided to the Court in the form of a letter dated June 9, 2025. That letter has not yet been made a part of the record of this case. But it will be attached to this Order as Appendix 1 so as to make it a part of the record.

A.     *Page 16 (line 22) through Page 18 (line 17)*

Walton's objections raised in this section are SUSTAINED. The portion of the video deposition containing these lines shall be removed.

B.     *Page 25 (line 3) through Page 26 (line 5)*

Walton's objections raised in this section are OVERRULED. The portion of the video deposition containing these lines shall not be removed.

    C.    *Page 32 (line 14) through Page 39 (line 19)*

As noted previously, Walton's objections raised in this section are OVERRULED. The portion of the video deposition containing these lines shall not be removed.

    D.    *Page 57 (lines 20-24)*

Walton's objection is SUSTAINED. The portion of the video deposition containing these lines shall be removed. In light of this ruling, the Court finds it appropriate to extend the excluded lines. At Page 57 (line 15), Walton's counsel posed a question to which an objection was raised. The question was never answered. Therefore, the Court finds it appropriate to exclude Page 57 (line 15) through Page 58 (line 10). The portion of the video deposition containing those lines shall be removed.

    E.    *Page 100 (lines 4-15)*

As noted previously, Walton's objection raised in this section is OVERRULED. The portion of the video deposition containing these lines shall not be removed.

    F.    *Page 101 (line 19) through Page 102 (line 7)*

As noted previously, Walton's objection raised in this section is OVERRULED. The portion of the video deposition containing these lines shall not be removed.

    G.    *Page 102 (line 10) through Page 103 (line 6)*

Walton objected to the question beginning on Page 102 (line 10). The question was subsequently rephrased but no answer was provided to that original question. Page 102 (lines 10-17) shall be removed. Walton did not object to the question and answer contained in Page 102 (lines 18-25). Even if he had objected, the Court finds that the question was not leading and it would be OVERRULED. The portion of the video deposition containing these lines shall not be

removed. As noted previously, the portion of the video deposition containing Page 103 (lines 1-10) shall be removed.

### III.     *Additional Matter*

The parties dispute whether evidence of past promotions allegedly denied to Walton for discriminatory reasons is relevant to the remaining retaliation claims. Specifically, the parties dispute whether Walton is limited to presenting evidence only with respect to the two positions he was allegedly passed up for promotion as identified in his EEOC charge. At the evidentiary hearing, Tronox's counsel argued that only the two positions identified in Walton's EEOC Charge are relevant and that the Charge does not open the door for evidence of other allegedly denied promotions. Walton's counsel argued that the other instances Walton was allegedly passed up for promotions are relevant to show that Plaintiff reasonably believed he was engaging in a protected activity—a subpart of his retaliation claim—when he raised a verbal complaint regarding alleged discrimination.

The Court did not issue a definitive ruling during the evidentiary hearing but did generally state that the facts relative to each promotion denial will require a relevancy determination. Upon review of the relevant case law, the Court will allow evidence related to other denied promotions and will address any objections to the relevancy of the same as objections are raised at trial. Should the parties desire to address the issue outside of the presence of the jury, they shall notify the Court prior to any question being posed to Walton or any other witness who might testify on this topic.

*Conclusion*

The parties shall work to edit Killebrew's video deposition consistent with the rulings set forth herein. The pending Motion [110] is TERMINATED on the docket.

SO ORDERED, this the 17th day of June, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE